## EVIDENCE—ACCOUNTS.

[Cuyahoga Circuit Court, June Term, 1894.]

### CORA HOUGH v. WILLIAM J. HENK, ADMR.

WHEN NOT ADMISSIBLE AS EVIDENCE.

Loans of money merely, without mutual dealings, is not the proper subject of book account so as to admit the book, as evidence under a petition for the money.

HALE, J.

The only substantial error claimed in this case is, that the court below excluded what was termed an account book from consideration as evidence. The book was offered on the ground that the action was founded upon an account. The action being against the administrator to enforce the allowance of the claim, and the plaintiff in the action being disqualified as a witness because of the opposite party being an administrator, the plaintiff sought to establish the fact that her book was a book of original entries and introduce the same to substantiate the claim.

First, the claim was one for money loaned, as shown by the petition. She seeks to show accounts upon a cause of action that on such dates the plaintiff loaned so much money and the party agreed to pay it back, but the petition sets forth no copy of the account whatever. This is one consideration.

Second, the items are for money loaned—no mutual dealings between the parties—simply items of money loaned; which we do not think a proper subject-matter of book account under the circumstances of this case.

There was another claim made in the case, to-wit: For board which was claimed to have been furnished by the plaintiff to decedent, but that does not arise under this question. That claim was attempted to be supported by other evidence, and the copy of the book offered does not contain that item. So that in the exclusion of the account offered, it had no reference whatever to the item for board.

There is no other material error claimed in the case. Certain it is that the testimony after the exclusion of that book, failed to establish the claim of the plaintiff, or, in other words, was not so clearly established as to authorize us to reverse the judgment of the court below; so the judgment of the court of common pleas is affirmed.